IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINI
WHEELING DIVISION

FILED

JUL 3 1 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

DIANA MEY,

       Plaintiff,

v.

K&R ASSET MANAGEMENT, LLC;
JONATHAN RINGLER;
COURTLAND KILPATRICK,

       Defendants.

Civil Action No. 5:26-cv-152

(Bailey | Mazzone)

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendants K&R Asset Management LLC, Jonathan Ringler and Courtland Kilpatrick ("Defendants"):

## PRELIMINARY STATEMENT

1.    Plaintiff Diana Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

## PARTIES AND JURISDICTION

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West

1

Virginia.

3. Defendant, K&R Asset Management LLC is a Texas limited liability corporation headquartered in Fort Worth, Texas.

4. K&R Asset Management LLC conducts business throughout this district and the United States.

5. Defendant Jonathan Ringler is a resident of Fort Worth, Texas and is a Principal and Co-Founder of Defendant K&R Asset Management LLC.

6. Defendant Courtland Kilpatrick is a resident of Fort Worth, Texas and is a Principal and Co-Founder of Defendant K&R Asset Management LLC.

7. At all relevant times Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or derived substantial revenue from products and services sold in West Virginia.

8. Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

9. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing message calls to Plaintiff were received in this district.

## OPERATIVE FACTS

10. Defendants Kilpatrick & Ringler are co-founders, organizers and principals of defendant K&R Asset Management LLC.

11. Defendant K&R Asset Management LLC is an investment firm that specializes in managing oil & gas acquisitions, including in West Virginia.

12. To reach as many customers as possible over the telephone, Defendants rely on the use of automated tools to place prerecorded telemarketing calls that can reach thousands of potential customers en masse.

13. Many of these prerecorded telemarketing calls are also placed to consumers who registered their phone numbers on the federal Do Not Call registry, as per Plaintiff's experience.

14. Plaintiff's wireless telephone number (the "Number"), 304-281-XXXX, is a residential number used for personal use and which has been listed on the National Do Not Call Registry for at least the 30 days prior to receipt of these prerecorded telemarketing calls.

15. Plaintiff has never provided any of the Defendants nor their agents with prior express written consent to place telemarketing calls to the Number, nor has Plaintiff ever had an established business relationship with any of the Defendants.

16. At 10:56 a.m. on July 3, 2026 Defendants' and/or their agents initiated an unsolicited call that delivered a prerecorded message from Caller ID 682-287-9556 to the Number.

3

17. The prerecorded message referenced "mineral owners," "mineral interest in your area," "moving forward with the sales," and "info@krassetmanagement.com".

18. At 11:04 a.m. on July 3, 2026  Defendants' and/or their agents initiated an unsolicited call that delivered a prerecorded message from Caller ID 682-287-9556 to the Number.  The prerecorded message was substantively identical to the 10:56 a.m. call of this same date.

19. Based on the content, cadence, tone, and delivery of the messages, Plaintiff recognized and understood them to be prerecorded rather than spoken by a live caller.

20. Further, upon information and belief, the voice in the prerecorded messages is that of Defendant Jonathan Ringler.

21. Plaintiff never provided consent or requested these calls.

22. The calls were not necessitated by any emergency.

23. The Caller ID for these calls failed to transmit CNAM data.

24. Plaintiff was harmed by these calls, was temporarily deprived of the legitimate use of her telephone and her privacy was improperly invaded.  Moreover, the calls injured Plaintiff because they were frustrating, annoying, and disturbed her solitude.

25. Plaintiff has never provided Defendants or any of their agents express written consent to call the Number, nor does Plaintiff have an established business relationship with any of them.

4

26. Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalf.

27. As such, Defendants are directly liable as to all Counts ascribed herein.

28. In the alternative, the acts complained of herein were carried out by agents operating for Defendants' benefit, or with actual, implied or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein.

29. In the alternative, Defendants ratified or accepted the benefits of the acts described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

## COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

30. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

31. The foregoing acts and omissions of the Defendants and/or their affiliates, agents affiliates, agents, or other persons acting on Defendants' behalf constitute multiple violations of the TCPA.

32. Defendants violated the TCPA, either directly or through the actions of others, by initiating more than one prerecorded telemarketing call to Plaintiff in a twelve-month period while the Number was on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c).

33. Defendants violated the TCPA, either directly or through the actions

40. Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

41. Defendants and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W.Va. Code § 46A-6F-104, § 46A-1-102 (47).

42. Defendants and/or their agents called Plaintiff with the purpose of making telemarketing solicitations as defined by W.Va. Code § 46-6F-112.

43. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior that a reasonable person would deem to be annoying, abusive, or harassing.

44. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound prerecorded telemarketing message calls to Plaintiff when, by registering her number on the National Do Not Call Registry, she previously indicated she did not want to receive such calls.

45. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(5) because they engaged in other conduct which would be considered abusive to any reasonable consumer.

46. Each of Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

47. Accordingly, Plaintiff is entitled to relief from Defendants as prescribed by the

7

penalties set forth in W.Va. Code § 46A-6F-701, including actual damages and a penalty in an amount to be determined by the Court of not less than $100 and not more than $3,000 per violation.

48. Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $3,000 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

JURY TRIAL DEMANDED.

**DIANA MEY**

/s/    Diana Mey
Diana Mey, Pro Se
14 Applewood Drive
Wheeling WV  26003
304-280-1607
diana_mey@comcast.net